### In re PHILIPS & McEACHIN.

#### FIELDING v. SHANDS et al.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1914.)

#### No. 2574.

BANKRUPTCY (§ 223*)—REFEREES—FEES.

A referee in bankruptcy is entitled to commissions only on such moneys as have been disbursed to creditors under his authority as provided by Bankr. Act July 1, 1898, c. 541, § 40, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3436), and not on the amount of claims and liabilities of the bankrupt as scheduled.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 888–894; Dec. Dig. § 223.*]

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Petition by Thomas W. Fielding, referee in bankruptcy, to superintend and revise as matter of law certain rulings of the District Judge in the matter of bankruptcy proceedings of Philips & McEachin, bankrupts, in which T. W. Shands and others are trustees. Petition denied.

C. R. Layton, of Gainesville, Fla., for petitioner.
W. T. Stockton, of Jacksonville, Fla., and W. W. Hampton, of Gainesville, Fla., for respondents.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PARDEE, Circuit Judge. The petitioner, referee in bankruptcy for the Northern district of Florida, complaining of certain rulings of the district judge in the matter of Philips & McEachin, bankrupt, brings a petition to revise and reverse certain orders and rulings made by the court in Re Philips & McEachin, Bankrupt, and concludes as follows:

"Your petitioner feels aggrieved by the orders, decrees, and rulings of the judge of the United States court for the said Northern district of Florida,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

and he showeth to this honorable court that said judge erred in making the said orders, decrees, and rulings as follows:

"1. In making that part of the order or decree, dated January 23, 1913, which reads as follows: 'And it is further ordered, adjudged, and decreed that the report of the trustees' account be and the same is hereby fully approved, except only as to the sum of $2,480.05, shown as due and payable to Thomas W. Fielding, for his commissions as referee herein.'

"2. In making that part of the order or decree, dated January 23, 1913, which reads as follows: 'And it is ordered that the said Thomas W. Fielding surrender forthwith to the trustees herein, with proper indorsement, certificate of deposit for $2,480.05, heretofore given said referee by said trustees, and the said trustees shall pay him, the said referee, only for such commissions as may be due him upon moneys already disbursed to creditors, and for such other expenses and charges as he may show that he is entitled to according to law.'

"3. In making that order or decree, dated at Gainesville, Fla., the 2d day of May, 1913, which is attached to this petition and marked 'Exhibit No. 8,' denying and overruling the motion and petition filed by this petitioner, and sustaining and confirming the order entered at Pensacola, Fla., on the 23d day of January, 1913.

"4. In making that order or decree, dated at Gainesville, Fla., the 2d day of May, 1913, requiring the Gainesville National Bank to restore the sum of $2,480.05, which had previously been paid to Thomas W. Fielding, to the credit of T. W. Shands, W. B. Taylor, and E. Lee Hughes, formerly the trustees in bankruptcy of Philips & McEachin.

"5. In decreeing that the referee in bankruptcy was entitled to commissions only upon such moneys as had already been disbursed to creditors.

"Wherefore your petitioner prays: That the said orders, judgments, decrees, and rulings of the District Court be reviewed and revised and corrected. That the portions of the order or decree dated the 23d day of January, 1913, to which exception and objection is made by petitioner, be stricken out and expunged therefrom, and that petitioner may have the fees, commissions, and emoluments which are set apart to him in the trustees' account. That the order denying and overruling the motion and petition of this petitioner be set aside and vacated, and the motion and petition be allowed and granted. That the order of decree dated May 2, 1913, requiring the Gainesville National Bank to restore to T. W. Shands, W. B. Taylor, and E. Lee Hughes the sum of $2,480.05 be set aside and vacated, and that said parties be required to pay to this petitioner the said sum of money. That the commissions, compensations, or emoluments of this petitioner be fixed in accordance with law. And that petitioner may have any and all such other and further relief as the nature of the case may warrant, and as is right and in accordance with equity and justice, although not expressly prayed for; and that the practice in such cases as this may be settled in this circuit."

It seems that the decree of January 23, 1913, was a decree rendered in a quasi composition dismissing the bankruptcy case and restoring the property to the bankrupt, and in so far as it deals with referee's fees was in all respects correct and proper, and in the particular respect complained of particularly proper.

The referee had credited himself with a fee of one per cent. upon the entire amount of the claims and liabilities of the bankrupt as scheduled, and not upon the amount paid and disbursed to creditors, and in addition in payment of said fee had procured a certificate of deposit from the trustees for the sum of $2,480.05, a sum largely in excess of any amount to which he could be entitled. See section 40, Bankruptcy Law.

The objections and exceptions which he filed to the decree, and which in the subsequent orders complained of were overruled, were

properly overruled by the district judge. The ruling of the district judge that the referee was only entitled to commissions upon such moneys as had been under his authority disbursed to creditors was correct. See section 40 of the Bankruptcy Law.

The petition for revision is denied.